UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOB QUAM, Administrator of
the Florida State Hospital,

    Petitioner,

v.                                    Case No. 4:18cv557-RH-CJK

GEORGE K.C. PRINGLE, IV,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on George Pringle's "Notice of Removal of a Civil Proceeding from a State Court" (doc. 1) and Motion to Proceed *In Forma Pauperis* (doc. 2). After reviewing the Notice of Removal, the undersigned concludes this case should be remanded to the state court from which it was removed.

## BACKGROUND[1]

On February 28, 2018, the State of Florida filed an information charging Pringle with three crimes in Gadsden County Circuit Court Case No. 2018-CF-0005: interception of oral communication; resisting a law enforcement officer with

---

[1] For the sake of clarity, the Background section of the Report and Recommendation has been supplemented with information from N.D. Fla. Case No. 4:18cv427-MW-CJK, a habeas case filed by Pringle. *See* Fed. R. Evid. 201.

violence; and possession of drug paraphernalia.  By order rendered June 29, 2018, the state trial court adjudged Pringle incompetent to proceed due to mental illness as defined in § 916.106(11), Florida Statutes, stayed further proceedings, and committed Pringle to the Florida Department of Children and Families (DCF) as provided in § 916.13(1), Florida Statutes.

Pringle's Notice of Removal purports to remove "Lower Tribunal Case No. 18-409MHA" from state to federal court.[2]  As the basis for removal, Pringle cites 28 U.S.C. § 1441 and alleges "[t]he lower tribunal/state court, pursuant to Article III Section I of the US Constitution, does not have the authority (judicial power) to compel [him]/a sovereign man to involuntary medical servitude."  *See* 28 U.S.C. § 1441 (governing the removal of civil actions).  He asserts he is "not mentally ill" and "was committed to DCF because of the bias of the state court."  The Notice of Removal asks the court to "remov[e] Case No. 18-409MHA from the state court and/or dismiss[] the petition for treatment order."

Attached to the Notice of Removal is a Petition for Treatment Order submitted by the Administrator for Florida State Hospital.  (Doc. 1, p. 4-5).  With respect to the Petition, Pringle claims: (1) he has "not been evaluated by a doctor" so "any diagnosis of mental illness could only be speculation"; (2) he does "not consent to

---

[2] The undersigned was unable to locate "Case No. 18-409MHA" in the electronic records of the Gadsden County Circuit Court Clerk.

being medicated with any form of any kind of medication"; and (3) "by the 5th Amendment . . . , [he] cannot be compelled to subject [himself] to a mental health evaluation[.]"[3]

## DISCUSSION

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551, 190 L. Ed. 2d 495 (2014) (*quoting* 28 U.S.C. § 1446(a)). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "[T]o meet [his] burden, the defendant[] must show that the plaintiff[']s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Id.* at 1294 (*citing Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted) ("It is to be presumed that a cause lies outside [of a

---

[3] A "Competency Evaluation Report to the Court" docketed in Gadsden County Circuit Court Case No. 2018-CF-0005 on December 19, 2018, suggests the Petition for Treatment Order was withdrawn. *See* https://www.gadsdenclerk.com/CourtScribePublicInquiry/

Case No. 4:18cv557-RH-CJK

federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Here, Pringle has not shown the Petition for Treatment Order presents a federal question. Through the Petition, the Administrator for Florida State Hospital seeks authorization under Florida law to treat Pringle with medication. The Petition does not invoke federal law to request such treatment. *See Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns*, 182 F.3d 851, 854 (11th Cir. 1999) ("A case . . . may be removed based on federal question jurisdiction 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law.") (*quoting Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). And Pringle's response to the Petition—that the Constitution prohibits the state court from issuing a treatment order—cannot serve as the basis for federal question jurisdiction. *See Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1309 (11th Cir. 2001) ("The federal cause of action or question of federal law must be apparent from the face of the well-pleaded complaint and not from a defense or anticipated defense."). Because Pringle failed to establish removal is proper under 28 U.S.C. § 1441, this case should be remanded to state court.

Accordingly, it is respectfully RECOMMENDED:

1. That Pringle's Motion to Proceed *In Forma Pauperis* (doc. 2) be GRANTED for the limited purpose of remanding this case to state court.

2. That Gadsden County Circuit Court Case No. 18-409MHA be REMANDED to the state court from which it was removed.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of January, 2019.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.